IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-CV-00379-M-RN

| | |
|---|---|
| JAMES SHELTON RAY, JR., | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     ORDER<br>) |
| W. T. SPENCER, J.H. HANAK, and P. J. HOWARD | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

This matter comes before the court on the Memorandum and Recommendation ("M&R") entered by Magistrate Judge Robert T. Numbers, II in this case on September 30, 2024. [DE 65]. Judge Numbers recommends that the court grant Defendant Hanak's ("Hanak") Motion to Dismiss [DE 51] and dismiss the § 1983 claims alleging that Hanak trespassed onto Plaintiff's property and assaulted him. [DE 65 at 1]. For the following reasons, the court adopts the M&R's recommendation and grants the motion to dismiss.

I. **Standard of Review**

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the ... recommendation[ ] ... receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial*

*Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

**II. Analysis**

On October 15, 2024, one day after the deadline to file an objection, Plaintiff submitted a filing styled, "Plaintiff's Objection to Defendant Hanak's Motion to Dismiss." [DE 66]. The filing does not mention the M&R; it merely addresses the arguments made by Hanak in the underlying motion. *See id.* Even being "mindful of [its] responsibility to construe pro se filings liberally," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017), the court finds that Plaintiff has not made "specific and particularized" objections to any portion of the M&R. *See Midgette*, 478 F.3d at 621. To the extent his arguments run contrary to Judge Numbers' recommendation, they are largely conclusory, drawing on facts not alleged in the complaint and omitting any discussion of the implied consent and *de minimus* force doctrines, which were central to the M&R's rationale. *See* [DE 66]. Finding no proper objection, the court reviews the entirety of the M&R for clear error. *See Diamond*, 416 F.3d at 315.

Upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Hanak's Motion to Dismiss [DE 51] is GRANTED, and the court DISMISSES Plaintiff's § 1983 claim against Hanak to the extent it is predicated on Hanak's alleged trespass and assault.

2

The court also addresses Plaintiff's Motion to Strike. [DE 68]. Plaintiff seeks to strike several portions of Hanak's Response to Plaintiff's Objection: namely, (1) the assertion that Plaintiff's criminal charge was "dismissed"; (2) the assertion that Plaintiff's objection relies on facts not alleged in the complaint; and (3) any duplicative content that was also discussed in the motion to dismiss. [DE 68 at 2–3]. Federal Rule of Civil Procedure 12(f) permits the court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). "Usually, a motion to strike requires a showing that denial of the motion would prejudice the moving party." *See Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F. Supp. 596, 605 (W.D. Va. 2019) (cleaned up).

A response to an objection is not a pleading, so Rule 12 does not apply. *See* Fed. R. Civ. P. 7(a) (listing the permissible types of pleadings). Even if it were, Plaintiff's motion is predicated on his disagreement with the characterization of the facts, not on any potential prejudice he might suffer. Plaintiff has not met his burden, so the motion [DE 68] is DENIED.

SO ORDERED this \_\_\_4th\_\_\_ day of February, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE