IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00379-M

| | |
|---|---|
| **James Shelton Ray, Jr.**, | |
| Plaintiffs, | |
| v. | **Order** |
| **State of North Carolina,** et al., | |
| Defendants. | |

Before the court is Plaintiff James Ray's motion to strike. D.E. 95. He asks the court to strike Defendants' reply in support of their motion for summary judgment (D.E. 94). *Id.*

Ray cites no legal basis for the court to strike the Defendants' reply. Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

But Rule 12(f) does not apply here because the document at issue is not a pleading. The Federal Rules limit the definition of the term pleading to seven documents that are all related to complaints and answers. *Id.* Rule 7(a). Motions, and their related memoranda, do not fall within this definition. *See id.* Rule 7(b). So Ray cannot rely on Rule 12(f) to strike the Defendants' reply. *See Dalenko* v. *Stephens*, 917 F. Supp. 2d 535, 541 (E.D.N.C. 2013).

Courts retain inherent authority to strike filings that are improper or abusive. *See Iota Xi Chapter of Sigma Chi Fraternity* v. *Patterson*, 566 F.3d 138, 150 (4th Cir. 2009). The basis for such authority stems from the court's broad discretion to manage its docket and safeguard the integrity of judicial proceedings. *See Degen* v. *United States*, 517 U.S. 820, 823 (1996) (recognizing the court's inherent power to "protect [its] proceedings and judgments in the course

of discharging [its] traditional responsibilities"). Yet "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers* v. *NASCO, Inc.*, 501 U.S. 32, 44 (1991).

Consistent with that principle, courts may strike filings that are unnecessary, unwarranted, or indisputably frivolous. *United States* v. *Rodriguez-Silva*, No. 1:18-CR-68–2, 2019 WL 1937144, at *4 (M.D.N.C. Apr. 8, 2019), *adopted by* 2019 WL 1934036 (M.D.N.C. May 1, 2019); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2018 WL 6795832, at *1 (E.D. Va. Nov. 9, 2018). A court may also strike filings that are inappropriate, harassing, or intended to embarrass or intimidate. *See Morris* v. *Amtrak*, No. 24-CV-2260, 2024 WL 4826236, at *4 (D. Md. Nov. 19, 2024).

The court finds no basis to strike the Defendants' reply. The reply it is not "unnecessary, unwarranted, or indisputably frivolous." Nor can the court find any basis to conclude that it is inappropriate. Instead, the reply addresses the arguments and evidence advanced in the summary judgment filings. It appears intended to distill the issues presented in that motion. So the reply bears on the court's consideration of summary judgment. Thus the court concludes there is no basis to strike the Defendants' reply and declines to do so under its inherent authority.

The court denies Ray's motion to strike (D.E. 95).[1]

Dated: April 24, 2025

*Robert T Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge

---

[1] The substance of Ray's motion challenges the arguments the Defendants put forth, and evidence they cite, in support of their motion for summary judgment. To the extent Ray's motion is a sur-reply contesting summary judgment, for which the Local Civil Rules do not explicitly allow and generally disfavor, it is similarly rejected.

2