IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:22-CV-00379-M-RN

JAMES SHELTON RAY, JR.,

    Plaintiff,

v.

W. T. SPENCER, et al.,

    Defendants.

ORDER

Plaintiff brought this § 1983 action against numerous government officials after he was arrested by law enforcement in connection a domestic dispute. Pending before the court are the remaining Defendants' Motion for Summary Judgment [DE 79] and a Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Robert T. Numbers, II [DE 98], wherein he recommends that this court grant Defendants' motion. Plaintiff filed a timely objection. DE 99. For the following reasons, Plaintiff's objection is overruled, and Defendants' motion is granted.

## I. Standard of Review

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for

adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Under § 636(b)(1), the party's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). "[G]eneral and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## II. Undisputed Factual and Procedural History

In September 2019, Plaintiff and his wife had a domestic dispute. DE 80 at 1; DE 89 at 1-3. The parties disagree on much of the specifics, but they agree that at some point during the altercation, Plaintiff pushed his wife after she attempted to prevent him from entering a shed.[1] DE 80 at 1-2; DE 89 at 3. Plaintiff subsequently called the police. DE 80 at 1; DE 89 at 4. After conferring with both Plaintiff and his wife, law enforcement arrested Plaintiff and charged him with assault on a female. DE 80 at 2; DE 89 at 5-6. Plaintiff pled not guilty, and judgment was ultimately entered in his favor. DE 90-1 at 2.

On September 28, 2023, Plaintiff filed a complaint against the State of North Carolina, the Attorney General of North Carolina, Joshua Stein, the Town of Cary, the Cary Police Department, the Mayor of Cary, Harold Weinbrecht, and Officers J. H. Hanak, P. J. Howard, and W. T. Spencer. DE 8 at 2. He brought claims under 18 U.S.C. § 241 and 42 U.S.C. § 1983, alleging that Defendants violated his Fourth Amendment rights by trespassing onto his property, assaulting him,

---

[1] Plaintiff argues that he pushed his wife in self-defense. Specifically, he states that after his wife "butted [him] with her shoulder[] and slammed the door on his leg," he "pushed [her] away to prevent injury to either of [them]." DE 89 at 3.

2

and arresting him without probable cause. DE 8-1 at 3-4. The only claim still pending before the court is Plaintiff's § 1983 claim against J.H. Hanak, P.J. Howard, and W. T. Spencer predicated on his allegedly unlawful arrest. *See* DE 6; DE 85. On January 31, 2025, Defendants filed a Motion for Summary Judgment [DE 79], and on March 10, 2025, the matter was referred to Judge Numbers. *See* Text Order dated March 10, 2025.

On April 24, 2025, Judge Numbers entered a Memorandum and Recommendation ("M&R"), concluding that there was probable cause for Plaintiff's arrest and recommending that the court grant Defendants' motion for summary judgment. DE 98 at 5. Plaintiff filed a timely objection to the M&R, primarily contesting its probable cause recommendation.[2] DE 99 at 1.

## III. Legal Standards

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material "if proof of its existence or non-existence would affect disposition of the case under applicable law." *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir.

---

[2] Plaintiff raised three additional objections in his filing, but none concern issues relevant to the disposition of Defendants' motion. First, Plaintiff objects to Judge Numbers' finding that "there are no genuine issues of material fact that would preclude summary judgment." DE 99 at 4. After review of the M&R, this statement was merely a forecast of the conclusion ultimately reached by Judge Numbers, the substance of which is adequately challenged by Plaintiff's probable cause objection. Second, Plaintiff objects to Judge Numbers' finding as to qualified immunity. *Id.* at 6. However, despite Plaintiff's contention, Judge Numbers explicitly declined to conduct a qualified immunity analysis. *See* DE 99 at 5 n.2. Because he concluded that Plaintiff's Fourth Amendment rights were not violated, it was not necessary for him to proceed to Defendants' remaining arguments. Finally, Plaintiff objects to Judge Numbers' "failure to address additional violations[,]" namely, that Defendants violated the First Amendment and were liable under theories of negligence and "systemic retaliation." DE 99 at 7. As noted previously, all claims except Plaintiff's § 1983 unlawful arrest claim have been dismissed. *See* DE 6; DE 85. Judge Numbers was not obligated to pursue irrelevant inquiries. To the extent these objections are sufficiently particularized to trigger de novo review, they are overruled for the reasons described herein.

3

2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of material fact is genuine "if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Id.* When determining whether a genuine issue of material fact has been raised, the court must "view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (internal citations omitted).

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes this threshold showing, the burden shifts to the non-moving party to show that "specific, material facts exist that give rise to a genuine issue." *Wai Man Tom*, 980 F.3d at 1037 (citing *Celotex Corp.,* 477 U.S. at 324). It is insufficient for the non-movant to rely on allegations made in the pleadings or "conclusory allegations or denials." *Id.* Likewise, the "mere existence of a scintilla of evidence" in the non-movant's favor is insufficient to withstand summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Plaintiff moves under 42 U.S.C. § 1983, which provides a private cause of action against individuals acting under the color of state law who deprive a plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. § 1983. To establish a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

4

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50. "It is undisputed that while conducting . . . [an] arrest, the defendant police officers act[] under color of state law and are thus subject to suit under § 1983 for those actions[.]" *Whitebey v. Sarrge*, No. 7:11CV00105, 2011 U.S. Dist. LEXIS 145433, at *17 (W.D. Va. Dec. 15, 2011).

## IV.  Discussion

Plaintiff objects to Judge Numbers' finding that law enforcement had probable cause to arrest him. DE 99 at 1.

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. The Amendment "prohibits law enforcement officers from making unreasonable seizures, and [the] seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). To determine whether an arrest was supported by probable cause, courts "examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quotations omitted). This "is not a high bar." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018). Indeed, it "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* (quotations omitted).

From the evidence provided, there is no genuine dispute that law enforcement had probable cause to arrest Plaintiff. Under North Carolina law, a person is guilty of assault on a female if "in

5

the course of [an] assault, assault and battery, or affray," the person "[a]ssaults a female, he being a male person at least 18 years of age[.]" N.C. Gen. Stat. § 14-33(c)(2). Notably, "[t]he State is not required to prove that the female incurred a physical injury." *Garrison*, 225 N.C. App at 174, 736 S.E.2d at 613. Instead, the use of even a minimal amount of force is sufficient to constitute assault. *See State v. Britt*, 270 N.C. 416, 418, 154 S.E.2d 519, 521 (1967) ("A battery . . . is an assault whereby any force is applied, directly or indirectly, to the person of another."); *State v. Sudderth*, 184 N.C. 753, 755, 114 S.E. 828, 829 (1922) ("[B]attery is an assault whereby any force, however slight is actually applied to the person of another directly or indirectly.").

Here, it is undisputed that prior to effectuating Plaintiff's arrest, Defendants knew that Plaintiff had pushed his wife. In fact, video evidence shows that Plaintiff admitted to the officers that he had done so. Def's Ex. A at 0:37, 0:49 ("[T]hen I pushed her out of my way" and "I pushed her out of the way so I could get back into the shed[.]"). Declarations made by Plaintiff's wife, Defendant Howard, and Defendant Hanak corroborate this admission by advising that Plaintiff's wife told law enforcement that Plaintiff had pushed her. Hanak Decl. [DE 81-2] at ¶ 5; Howard Decl. [DE 81-1] at ¶ 6; Trinette Ray Decl. [DE 81-3] at ¶ 7. Thus, an objectively reasonable police officer would have believed that Plaintiff applied force against his wife. Though this force may have been slight, under North Carolina law, it was sufficient to constitute criminal assault. *See Sudderth*, 184 N.C. at 755, 114 S.E. at 829.

Plaintiff resists this conclusion, arguing that his use of force against his wife was justified as self-defense. DE 99 at 3. Under North Carolina law, an individual may use force against another "as is necessary or apparently necessary to save himself from death or great bodily harm." *State v. Stephens*, 275 N.C. App. 890, 894, 853 S.E.2d 488, 492 (2020) (cleaned up). The degree of force used must be reasonable and proportional to the threat confronted. *See id.*; *see also State*

6

*v. Walker*, 286 N.C. App. 438, 447, 880 S.E.2d 731, 738 (2022) (quoting *State v. Benner*, 380 N.C. 621, 636, 869 S.E.2d 199, 209 (2022)) ("The proportionality rule inherent in the requirement that the defendant not use excessive force continues to exist even in instances in which a defendant is entitled to stand his or her ground."). During this altercation, Plaintiff told Defendants that as he approached his shed, his wife "ran up toward the door and . . . put her body into [him] and made contact with [him]." Def's Ex. A at 0:16–0:36. He later clarified that she "tried to slam the door and hit [him]." *Id.* at 0:59–1:02. The evidence before the court reveals conflicting accounts as to Plaintiff's motivation, each bearing different weight on the veracity of a self-defense argument. In court filings, Plaintiff claimed he pushed his wife "to prevent injury to either of [them]." DE 89 at 3. However, immediately following the incident, he told law enforcement that he pushed her "so [he] could back into the shed." Def's Ex. A. at 0:47–0:52. This conflict does not create a genuine issue of fact, however, as "[t]he mere existence of some evidence that could suggest self-defense does not negate probable cause." *Parks v. Bennett*, No. 5:24-CV-00399-BO-KS, 2025 WL 999702, at *2 (E.D.N.C. Apr. 3, 2025) (quoting *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015)) (overruling a plaintiff's objections to an M&R's finding of probable cause when plaintiff told the arresting officer he was acting in self-defense). The question is only whether when "viewed from the standpoint of an objectively reasonable police officer," the facts known to law enforcement created a "substantial chance" that Plaintiff assaulted his wife. *See Wesby*, 583 U.S. 48, 56–57. Here, it undoubtedly did. Though Plaintiff proffered a "plausible explanation[]" for his actions based on his subjective mindset, this cannot "eliminate the suspicious facts from the probable cause calculus." *Sennett v. United States*, 667 F.3d 531, 536 (4th Cir. 2012). Plaintiff admitted to law enforcement that he pushed his wife, and at the time, his stated reason was that her body "made contact" with him, thus preventing him from accessing the shed.

7

Def's Ex. A at 0:16–0:36, 0:47–0:52. This is enough to create probable cause of criminal activity. Plaintiff's Fourth Amendment rights were not, therefore, violated, and summary judgment must be entered against his remaining § 1983 claim. *See Atkins*, 487 U.S. at 49.

Finally, Plaintiff argues that his ultimate acquittal indicates that law enforcement lacked probable cause to arrest him. In support of this contention, he submitted declarations from his father and friend, both of whom state that the presiding state court judge found that law enforcement lacked probable cause to arrest Plaintiff. Ray Sr. Decl. [DE 90-3] at ¶ 3; Hollingsworth Decl. [DE 90-4] at ¶ 3. The court cannot verify whether these oral pronouncements were made, but the evidence does show that a different state judge found that Plaintiff's warrantless arrest was justified by probable cause to believe that Plaintiff unlawfully assaulted his wife. DE 90-1 at 1. In any event, the "mere fact" that a defendant is acquitted is "irrelevant to the validity of [his] arrest" because "the kinds and degrees of proof" necessary to secure a conviction are less stringent than those required to justify a lawful arrest. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Any oral pronouncement made a state judge is insufficient to defeat the probable cause analysis detailed above.

## V.     Conclusion

For these reasons, Plaintiff's objection is OVERRULED and Defendants' Motion for Summary Judgment [DE 79] is GRANTED. Plaintiff's Motion for Summary Judgment [DE 103] and Motion for Leave to Extend Deadline [DE 102] are DENIED AS MOOT. The Clerk is

DIRECTED to enter judgment in favor of Defendants.

SO ORDERED this 19th day of June, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE